John R. Parker (State Bar No. 127930)
CUTTER LAW, P.C.,
401 Watt Avenue
Sacramento, California 95864
Telephone:     (888) 285-3333
Facsimile:     (916) 588-9330
E-Mail:        jparker@cutterlaw.com

Arash S. Khosrowshahi (State Bar No.: 293246)
LIBERTY MAN LAW
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 573-0469
Facsimile:     (866) 700-0787
E-Mail:        libertymanlaw@gmail.com

    Attorneys for Plaintiffs
    TINA TENNYSON,
    DOMINIC HAYNES-TENNYSON, and
    DEVON TENNYSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | **DEMAND FOR JURY TRIAL** |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOES 1 to 100, | |
| Defendants. | |

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Tennyson, et al. v. City of Ceres, et al.*, United States District Court, Eastern District of California, Case No. _____

## INTRODUCTION

This action involves injuries and constitutional violations committed against Plaintiffs TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON (collectively "Plaintiffs"), by Defendant law enforcement officers DOES 1 to 100 employed by Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff SCOTT JONES (collectively "Defendants").

## JURISDICTION & VENUE

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

## EXHAUSTION

3.     Plaintiffs each filed a government claim with the COUNTY OF SACRAMENTO regarding the claims asserted herein on or about August 16, 2018. (Attached as Exhibit A are true and correct copies of the government claims for each of the Plaintiffs.) Each government claim was rejected on or about August 27, 2018, with the rejection notices served on or about September 10, 2018. (Attached as Exhibit B are true and correct copies of the rejection notices for each of the Plaintiffs).

## PARTIES

4.     Plaintiff TINA TENNYSON ("TINA TENNYSON") is, and at all times relevant herein was, a resident of the State of California, County of Sacramento. At all times stated herein, TINA TENNYSON shared a close relationship and special bond with her sons, Plaintiffs DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

5.     Plaintiff DOMINIC HAYNES-TENNYSON ("DOMINIC HAYNES-TENNYSON") is,

and at all times relevant herein was, a resident of the State of California, County of Sacramento. At all times stated herein, DOMINIC HAYNES-TENNYSON shared a close relationship and special bond with his mother TINA TENNYSON and his brother Plaintiff DEVON TENNYSON, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

6. Plaintiff DEVON TENNYSON ("DEVON TENNYSON") is, and at all times relevant herein was, a resident of the State of California, County of Sacramento. At all times stated herein, DEVON TENNYSON shared a close relationship and special bond with his mother TINA TENNYSON and his brother DOMINIC HAYNES-TENNYSON, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

7. Defendant COUNTY OF SACRAMENTO ("COUNTY OF SACRAMENTO") is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT ("SACRAMENTO COUNTY SHERIFF'S DEPARTMENT") is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9. Defendant SCOTT JONES ("SCOTT JONES") is, and at all times material herein was, a law enforcement officer and the Sheriff of Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment and under color of state law. SCOTT JONES is sued in his individual capacity.

10. Defendants DOES 1 to 100 (collectively "DOES 1 to 100") are and/or were agents or employees of COUNTY OF SACRAMENTO, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Does 1 to 100 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

11. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On or about March 13, 2018, DOMINIC HAYNES-TENNYON and DEVON TENNYSON occupied a vehicle. DOMINIC HAYNES-TENNYSON operated the vehicle and sat in the

3

driver's seat and DEVON TENNYSON sat in the passenger seat.

13. DOMINIC HAYNES-TENNYSON and DEVON TENNYSON were driving home near the intersection of Lankershim Way and Cantel Way in North Highlands, California. TINA TENNYSON was occupying the home during this time.

14. As DOMINIC HAYNES-TENNYSON was driving down Lankershim Way, officers of Sacramento County Sheriff's Department, members of DOES 1 to 100, surrounded his vehicle with guns pointed at him, causing DOMINIC HAYNES-TENNYSON to stop the vehicle. DOES 1 to 100 ordered DOMINIC HAYNES-TENNYSON and DEVON TENNYSON to get out of the vehicle and lay down on the ground without explanation.

15. DOMINIC HAYNES-TENNYSON was handcuffed and received cuts on his wrists from them.

16. DOMINIC HAYNES-TENNYSON was placed inside a police vehicle for hours without any events developing. As he was in the police car, DOES 1 to 100 entered DOMINIC HAYNES-TENNYSON's home without a warrant.

17. DOMINIC HAYNES-TENNYSON is likewise suffering from anxiety and emotional distress due to guns being pointed at him.

18. As DEVON TENNYSON was lying on the ground, at least one officer among DOES 1 to 100 had stepped on DEVON TENNYSON's back, causing severe pain and injury. DEVON TENNYSON suffers from a disability related to his back. DEVON TENNYSON informed the officers of his disability and the pain they were causing him, but they refused to relent and did not provide him medical treatment. At least one officer among DOES 1 to 100 had also pulled DEVON TENNYSON's arms back hard, causing further pain and injury. DEVON TENNYSON was also injured in his knees and face.

19. DEVON TENNYSON was then placed inside a police vehicle for hours without any incidences developing. During that time, DOES 1 to 100 entered his home without a warrant. In so doing DOES 1 to 100 damaged numerous items of DEVON TENNYSON's personal property, including but not limited to his bedroom door, closet doors, bedroom curtains, and bed.

20. DEVON TENNYSON is likewise suffering from anxiety due to guns being pointed at him.

4

21.     TINA TENNYSON was inside the home when DOES 1 to 100 entered the home without a warrant. DOES 1 to 100 told TINA TENNYSON that they were searching for a suspect.

22.     In so doing, DOES 1 to 100 damaged numerous items of TINA TENNYSON's personal property, including but not limited to her screen door and glass table.

23.     DOES 1 to 100 also refused to let TINA TENNYSON use the restroom for roughly three hours, causing her to soil herself. DOES 1 to 100 also screamed and yelled crude language and insults to TINA TENNYSON this entire time. DOES 1 to 100 aimed their guns at Ms. Tennyson while they were in the home.

24.     TINA TENNYSON is likewise suffering from anxiety and emotional distress due to guns being pointed at her.

25.     On or about April 1, 2018, near the intersection of Watt Avenue and Don Julio Boulevard, DEVON TENNYSON was driving a vehicle.

26.     DEVON TENNYSON was pulled over by two officers, members of DOES 1 to 100, without probable cause. As DEVON TENNYSON was driving, the officers turned on their car lights signaling DEVON TENNYSON to pull over.

27.     When the officers approached DEVON TENNYSON's vehicle, they asked him whether he was on probation or parole. The officers then told DEVON TENNYSON he had to answer their questions in violation of his Fourth and Fifth Amendment rights. The officers asked Mr. Tennyson if he had anything in his vehicle. DEVON TENNYSON invoked his right to remain silent.

28.     At that point DEVON TENNYSON was told to step out of the vehicle and that he was being detained. As DEVON TENNYSON was being put in the back of the police vehicle, approximately four to six other police vehicles arrivedwith officers who are members of DOES 1 to 100, as well as a California Highway Patrol vehicle and officer.

29.     The officers conducted a search of DEVON TENNYSON's vehicle without probable cause and found nothing illegal. TINA TENNYSON was then called to pick up the vehicle.

30.     During the search the police destroyed DEVON TENNYSON's speakers and amplifier.

31.     On or about April 11, 2018, near the intersection of Channing Drive and Melrose Drive, DEVON TENNYSON was driving a vehicle.

32.     DEVON TENNYSON was pulled over by an undercover police officer, a member of DOES 1 to 100, without probable cause. The officer mentioned that DEVON TENNYSON's front license plate was missing, although he approached DEVON TENNYSON from behind his vehicle.

33.     The officer then accused DEVON TENNYSON of speeding in a 30 mile-per-hour zone. The officer then asked DEVON TENNYSON if he was on probation and/or parole, which he is not. DEVON TENNYSON was detained once again, and TINA TENNYSON was called to pick up his vehicle.

34.     On or about May 28, 2018, DEVON TENNYSON and TINA TENNYSON were leaving a professional building for DEVON TENNYSON's social services exam. DEVON TENNYSON was operating a vehicle with TINA TENNYSON as a passenger.

35.     Members of DOES 1 to 100 passed DEVON TENNYSON and TINA TENNYSON as they were pulling out of the parking lot of the above-referenced professional building. The police turned their vehicle around and began to follow DEVON TENNYSON and TINA TENNYSON.

36.     At a stop light, one of the officers drove the police vehicle to the left side of DEVON TENNYSON's vehicle, with the other officers' vehicle stopped behind DEVON TENNYSON's vehicle. The officers prevented DEVON TENNYSON from making a U-turn.

37.     When the stoplight turned green, DEVON TENNYSON turned into a Panda Express parking lot near the intersection of Madison Avenue and Roseville Road, with the officers driving past them. The police then made a U-turn and parked in the Jack-N-The-Box parking lot across the street from DEVON TENNYSON and TINA TENNYSON, concealing themselves and monitoring DEVON TENNYSON and TINA TENNYSON.

38.     On or about May 31, 2018, near the intersection of Don Julio Boulevard and Elk Grove Boulevard in North Highlands, California, DEVON TENNYSON was driving home from work in his vehicle.

39.     As DEVON TENNYSON was driving, an officer member of DOES 1 to 100 pulled him over without probable cause.

40.     DEVON TENNYSON was asked if he was on probation or parole, which he is not. The officer gave DEVON TENNYSON an incredulous look when provided this information, and then peered

6

into DEVON TENNYSON's vehicle. The officer eventually left.

41. On or about June 1, 2018, near the intersection of Don Julio Boulevard and Elk Grove Boulevard in North Highlands, California, DEVON TENNYSON was driving his motorcycle.

42. Officer members of DOES 1 to 100 followed DEVON TENNYSON all the way to his home, then subsequently drove off.

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

43. SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Gov. Code § 38630(a) ("The police department of a city is under the control of the chief of police.").

44. DOES 1 to 100 are/were policy-making authorities, based on a delegation of authority, for COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

45. Defendants, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including DOES 1 to 100, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

46. Defendants were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

   i) Multiple jury verdicts against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their subordinates. *See, e.g., Jones v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento* U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-

7

01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v. Sacramento County Jail*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies); *Johnson v. Sacramento County*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

        ii)        Multiple settlements paid by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT to settle litigation. *See, e.g.*, Abbott v. County of Sacramento, U.S. Dist. Ct., E.D. Cal. Case No. 2:18-cv-00633-MCE-KJN (settlement of action alleging that a sheriff's deputy broke the plaintiff's foot and sprained his wrist during jail booking); *Ennis v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:17-cv-02052-KJM-EFB (settlement of action alleging that a sheriff's deputy broke the plaintiff's left wrist during jail booking, after the plaintiff had specifically warned the sheriff's deputy that her wrist had been previously injured); *Aviña-Luna v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail booking); *Salinas v. County of Sacramento*, Cal. Super. Ct., County of Sacramento, Case No. 34-2013-00152323 (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail booking); *Abdallah v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness during jail booking, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm during jail booking).

47.    Defendants were or should have been on notice regarding the need to discontinue, modify,

8

and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

48. On information and belief, additional evidence and information related to Defendants' policies, customs, or practices will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

49. The First Claim is asserted by DOMINIC HAYNES-TENNYSON and DEVON TENNYSON against all Defendants.

50. DOMINIC HAYNES-TENNYSON and DEVON TENNYSON reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

51. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, and/or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

52. Defendants, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including DOES 1 to 100, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of DOMINIC HAYNES-TENNYSON and DEVON TENNYSON's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

53. Defendants' actions and inactions were motivated by evil motive or intent, involved

9

reckless or callous indifference to DOMINIC HAYNES-TENNYSON and DEVON TENNYSON's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

54.     As a direct and proximate result of Defendants' actions and inactions, DOMINIC HAYNES-TENNYSON and DEVON TENNYSON suffered injuries entitling them to receive compensatory damages against Defendants, and punitive damages against Defendants.

## SECOND CLAIM

### False Arrest/Imprisonment

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

55.     The Second Claim is asserted by Plaintiffs against DOES 1 to 100.

56.     Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

57.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiffs without a warrant and without probable cause, and/or failed to intercede and/or were integral participants to the false arrest of Plaintiffs, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

58.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

59.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling her to receive compensatory and punitive damages against DOES 1 to 100.

## THIRD CLAIM

### Unreasonable Entry/Search

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

60.     The Third Claim is asserted by Plaintiffs against Defendants DOE 1 to 100.

61.     Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

62.     DOES 1 to 100 acting or purporting to act in the performance of their official duties as

law enforcement officers, entered and/or searched Plaintiffs' residence, without a warrant and without justification, and/or failed to intercede and/or were integral participants to the entry and/or search of Plaintiffs' residence, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

63.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

64.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory and punitive damages against DOES 1 to 100.

## FOURTH CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

65.     The Fourth Claim is asserted by Plaintiffs against DOES 1 to 100.

66.     Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

67.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DEVON TENNYSON and DOMINIC HAYNES-TENNYSON, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against DEVON TENNYSON and DOMINIC HAYNES-TENNYSON, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs' constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution.

68.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

69.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory and punitive damages against DOES 1 to 100.

11

# FIFTH CLAIM

## Right of Association, Companionship, and Society

### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

70.     The Fifth Claim is asserted by Plaintiffs against DOES 1 to 100.

71.     Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

72.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DEVON TENNYSON and DOMINIC HAYNES-TENNYSON, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against DEVON TENNYSON and DOMINIC HAYNES-TENNYSON, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs' constitutionally-protected right of association, companionship, and society with their parent/child/ domestic partner/sibling, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution.

73.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights secured by the First and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

74.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs' suffered injuries entitling them to receive compensatory and punitive damages against DOES 1 to 100.

# SIXTH CLAIM

## Unreasonable Force

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

75.     The Sixth Claim is asserted by DOMINIC HAYNES-TENNYSON and DEVON TENNYSON against Defendants.

76.     Plaintiffs DOMINIC HAYNES-TENNYSON and DEVON TENNYSON reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

77.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DOMINIC HAYNES-

12

TENNYSON and DEVON TENNYSON, and/or aided and abetted the use of excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, in violation of their rights secured by art. I, § 13 of the California Constitution.

78.     Defendants, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including DOES 1 to 100, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of DOMINIC HAYNES-TENNYSON and DEVON TENNYSON's rights secured by art. I, § 13 of the California Constitution.

79.     COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including SCOTT JONES and DOES 1 to 100.

80.     SCOTT JONES and DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to DOMINIC HAYNES-TENNYSON and DEVON TENNYSON.

81.     As a direct and proximate result of Defendants' actions and inactions, DOMINIC HAYNES-TENNYSON and DEVON TENNYSON suffered injuries entitling it to receive compensatory damages against Defendants, and punitive damages against SCOTT JONES and DOES 1 to 100.

## SEVENTH CLAIM

### False Arrest/Imprisonment

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

82.     The Seventh Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100.

83.     Plaintiffs realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

84.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiffs, without a warrant and without probable cause, and/or aided and abetted the false arrest of Plaintiffs, in violation of their rights secured by art. I, § 13 of

13

the California Constitution.

85.     COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

86.     DOES 1 to 100 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

87.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling their to receive compensatory damages against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

## EIGHTH CLAIM

### Unreasonable Entry/Search

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

88.     The Eighth Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100.

89.     Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

90.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, entered and/or searched Plaintiffs' residence, without a warrant and without justification, and/or aided and abetted the entry and/or search of Plaintiffs' residence, in violation of their rights secured by art. I, § 13 of the California Constitution.

91.     COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

92.      DOES 1 to 100 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

14

93.     As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

## NINTH CLAIM

### Failure to Discharge Mandatory Duty

### (Cal. Gov. Code § 815.6; Cal. Code Civ. Proc. § 1060)

94.     The Ninth Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

95.     Plaintiffs realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

96.     Plaintiffs were each arrested and released and no accusatory pleading was filed charging them with an offense. Thereafter, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT failed to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6, on a continuing and ongoing basis, including: (1) to deem Plaintiffs arrests a detention only; (2) to issue a certificate to Plaintiffs describing their arrests as a detention only; and (3) on information and belief, to delete references to Plaintiffs' arrests from the arrest records of the Sacramento County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

97.     As a direct and proximate result of COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's  actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

## TENTH CLAIM

### Assault/Battery

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

98.     The Tenth Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100.

15

99. Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

100. DOES 1 to 100 intentionally touched DOMINIC HAYNES-TENNYSON and DEVON TENNYSON without consent, and that touching constituted use of excessive and unreasonable force, and/or aided and abetted in the intentional touching of DOMINIC HAYNES-TENNYSON and DEVON TENNYSON. DOES 1 to 100 acted intending to cause a harmful or offensive contact constituting excessive and unreasonable use of force, and/or aided and abetted in acting to intend to cause a harmful or offensive contact, of TINA TENNYSON without consent. TINA TENNYSON reasonably believed she was about to be touched in such a harmful or offensive manner constituting excessive and unreasonable use of force.

101. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

102. DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

103. As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling it to receive compensatory damages against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

## ELEVENTH CLAIM

### Trespass

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

104. The Eleventh Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100.

105. Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

106. DOES 1 to 100, acting or purporting to act in the performance of their official duties as

16

law enforcement officers, intentionally, recklessly, or negligently entered Plaintiffs' property, without a warrant, probable cause, or permission, and/or aided and abetted in the entry of Plaintiffs' real property. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally, recklessly, or negligently damaged Plaintiffs' personal property, without a warrant, probable cause, or permission, and/or aided and abetted in the entry of Plaintiffs' personal property.

107. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

108. DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

109. As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

## TWELFTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code §§ 815.2(a), 820(a))

110. The Twelfth Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOES 1 to 100.

111. Plaintiffs realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

112. SCOTT JONES and DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, as described, and, as a result of that outrageous conduct, Plaintiffs did suffer severe emotional distress.

113. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for

17

injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including SCOTT JONES and DOES 1 to 100.

114.    SCOTT JONES and DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

115.    As a direct and proximate result of SCOTT JONES and DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling her to receive compensatory damages against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOES 1 to 100, and punitive damages against SCOTT JONES and DOES 1 to 100.

## THIRTEENTH CLAIM

### Negligence

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

116.    The Thirteenth Claim is asserted by Plaintiffs against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOES 1 to 100.

117.    Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

118.    DOES 1 to 100 owed Plaintiffs a duty of care and breached that duty by (i) using excessive and unreasonable force against Plaintiffs, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force, and/or aiding and abetting in the use of excessive and unreasonable force; (ii) falsely arresting Plaintiffs, and/or aiding and abetting in the false arrest of Plaintiffs; and (iii) conducting unlawful entries and searches on Plaintiffs' property, and/or aiding and abetting in unlawful entry and search of Plaintiffs' property.

119.    SCOTT JONES and DOES 1 to 100 Plaintiffs a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise DOES 1 to 100, who were incompetent or unfit, and where SCOTT JONES and DOES 1 to 100 knew or should have known that hiring, retaining, and failing to adequately train and DOES 1 to 100 created a particular risk or hazard that caused Plaintiffs' injuries.

120.    COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for

18

injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including SCOTT JONES and DOES 1 to 100.

121. SCOTT JONES and DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

122. As a direct and proximate result of SCOTT JONES and DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOES 1 to 100, and punitive damages against SCOTT JONES and DOES 1 to 100.

## FOURTEENTH CLAIM

### Delay/Denial of Medical Treatment

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

123. The Fourteenth Claim is asserted by DEVON TENNYSON against DOES 1 to 100.

124. DEVON TENNYSON realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

125. On information and belief, DOES 1 to 100 made an intentional decision to delay DEVON TENNYSON's ability to obtain medical treatment for his back injuries and did not take reasonable available measures to abate that risk, putting DEVON TENNYSON at substantial risk of suffering serious harm and causing harm, in violation of his rights protected by the Fourteenth Amendment of the U.S. Constitution.

126. DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference DEVON TENNYSON's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

127. As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling him to receive compensatory and punitive damages against DOES 1 to 100.

///

///

///

# FIFTEENTH CLAIM

## Americans with Disabilities Act

## (42 U.S.C. § 12101, *et seq.*)

128.     The Fifteenth Claim is asserted by DEVON TENNYSON against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

129.     DEVON TENNYSON realleges and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

130.     SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entities" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. DEVON TENNYSON, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and was a "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, other than the fact that he required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

131.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate DEVON TENNYSON's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

132.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to DEVON TENNYSON's constitutional and statutory rights, or were wantonly or oppressively done.

133.     As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling them to receive compensatory and punitive damages against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

///

///

# SIXTEENTH CLAIM

## Rehabilitation Act

## (29 U.S.C. § 794, *et seq.*)

134.     The Sixteenth Claim is asserted by DEVON TENNYSON against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

135.     DEVON TENNYSON realleges and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

136.     SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. SACRAMENTO COUNTY SHERIFF'S DEPARTMENT receives federal financial assistance. DEVON TENNYSON, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and was a "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, other than the fact that each of them required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

137.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate DEVON TENNYSON's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

138.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to DEVON TENNYSON's constitutional and statutory rights, or were wantonly or oppressively done.

139.     As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling them to receive compensatory and punitive damages against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

///

21

## SEVENTEENTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

140. The Seventeenth Claim is asserted by Plaintiffs against Defendants.

141. Plaintiffs reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

### Unreasonable Force

142. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, used excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

143. Defendants, acting under color of state law and as policy-making authorities, intentionally and/or with reckless or deliberate indifference, knew or should have known that law enforcement officers under their command, including DOES 1 to 100, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of DOMINIC HAYNES-TENNYSON and DEVON TENNYSON's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

144. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including SCOTT JONES and DOES 1 to 100.

145. SCOTT JONES and DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to DOMINIC HAYNES-TENNYSON and DEVON TENNYSON.

22

146. As a direct and proximate result of Defendants' actions and inactions, DOMINIC HAYNES-TENNYSON and DEVON TENNYSON suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants, and punitive damages against SCOTT JONES and DOES 1 to 100.

False Arrest/Imprisonment

147. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, falsely arrested Plaintiffs, without a warrant and without probable cause, or failed to intercede, were integral participants, and/or aided and abetted the false arrest of Plaintiffs, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

148. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

149. DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

150. As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants, and punitive damages against DOES 1 to 100.

Unreasonable Entry/Search

151. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, entered and/or searched Plaintiffs' residence, without a warrant and without justification, or failed to intercede, were integral participants, and/or aided and abetted the entry and/or search of Plaintiffs' residence, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

152. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for

23

injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

153.    DOES 1 to 100 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

154.    As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

Right of Familial Association, Companionship, and Society

155.    DOES 1 to 100 acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs' constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7(a) of the California Constitution.

156.    COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

157.    DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

158.    As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

Right of Association, Companionship, and Society

159. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against DOMINIC HAYNES-TENNYSON and DEVON TENNYSON, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs' constitutionally-protected right of association, companionship, and society with their parent/child/domestic partner/sibling, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, §§ 1 and 7(a) of the California Constitution.

160. COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including DOES 1 to 100.

161. DOES 1 to 100's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

162. As a direct and proximate result of DOES 1 to 100's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100, and punitive damages against DOES 1 to 100.

Delay/Denial of Medical Treatment

163. On information and belief, DOES 1 to 100 made an intentional decision to delay DEVON TENNYSON's ability to obtain medical treatment for his back injuries and did not take reasonable available measures to abate that risk, putting DEVON TENNYSON at substantial risk of suffering serious harm and causing harm, in violation of his rights protected by the Fourteenth Amendment of the U.S. Constitution.

164. DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved

25

reckless or callous indifference DEVON TENNYSON's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

165.     As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling him to receive compensatory and punitive damages against DOES 1 to 100.

Americans with Disabilities Act

166.     SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entities" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. DEVON TENNYSON, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and was a "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, other than the fact that he required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

167.     DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate DEVON TENNYSON's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

168.     DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to DEVON TENNYSON's constitutional and statutory rights, or were wantonly or oppressively done.

169.     As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling them to receive compensatory and punitive damages against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

Rehabilitation Act

170.     SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. SACRAMENTO COUNTY SHERIFF'S

26

DEPARTMENT receives federal financial assistance. DEVON TENNYSON, at all times material herein, had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and was a "qualified individual[s] with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, other than the fact that each of them required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

171. DOES 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to reasonably accommodate DEVON TENNYSON's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force against them, in violation of their rights secured by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

172. DOES 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to DEVON TENNYSON's constitutional and statutory rights, or were wantonly or oppressively done.

173. As a direct and proximate result of DOES 1 to 100's actions and inactions, DEVON TENNYSON suffered injuries entitling them to receive compensatory and punitive damages against SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiffs pray for relief as hereunder appears:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants according to proof at trial;

2. For an award of exemplary/punitive damages against SCOTT JONES and DOES 1 to 100, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.     For an injunction with respect to COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 100's failure to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6, requiring them: (1) to deem Plaintiffs' arrests a detention only; (2) to issue a certificate to Plaintiffs describing their arrests as a detention only; (3) to delete references to Plaintiffs' arrest from the arrest records of the Sacramento County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice; and (4) enjoining the failure to discharge the mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6 in previous and future instances;

5.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: March 8, 2019                                   Respectfully Submitted,

By: _____

John R. Parker (State Bar No. 127930)
CUTTER LAW, P.C.,
401 Watt Avenue
Sacramento, California 95864
Telephone:     (888) 285-3333
Facsimile:     (916) 588-9330
E-Mail:         jparker@cutterlaw.com

Arash S. Khosrowshahi (State Bar No.: 293246)
LIBERTY MAN LAW
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 573-0469
Facsimile:     (866) 700-0787
E-Mail:         libertymanlaw@gmail.com

Attorneys for Plaintiffs
TINA TENNYSON,
DOMINIC HAYNES-TENNYSON, and
DEVON TENNYSON

28

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON.

Dated: March 8, 2019

Respectfully Submitted,

By: _____
John R. Parker (State Bar No. 127930)
CUTTER LAW, P.C.,
401 Watt Avenue
Sacramento, California 95864
Telephone:      (888) 285-3333
Facsimile:      (916) 588-9330
E-Mail:         jparker@cutterlaw.com

Arash S. Khosrowshahi (State Bar No.: 293246)
LIBERTY MAN LAW
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 573-0469
Facsimile:      (866) 700-0787
E-Mail:         libertymanlaw@gmail.com

Attorneys for Plaintiffs
TINA TENNYSON,
DOMINIC HAYNES-TENNYSON, and
DEVON TENNYSON