**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
John R. Whitefleet, SBN 213301
Nicholas W. McKinney, SBN 322792
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT, SCOTT JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA TENNYSON, DOMINIC HAYNES-TENNYSON, AND DEVON TENNYSON, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES and DOES 1 to 100, <br><br> Defendants. <br> _____/ | CASE NO. 2:19-CV-00429 KJM EFB <br><br> **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:  August 23 , 2019 <br> Time: 10:00 a.m. <br> Courtroom: 3, 15th Floor <br> Judge: Hon. Kimberly J. Mueller <br><br> Complaint Filed:  03/08/2019 |

{02035031.DOCX}

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**TABLE OF CONTENTS**

I.   INTRODUCTION................................................................................................1

II.  ALLEGATIONS................................................................................................1

    A.   March 13, 2018 Incident......................................................................1

    B.   April 1, 2018 Incident..........................................................................2

    C.   April 11, 2018 Incident........................................................................2

    D.   May 28, 2018 Incident..........................................................................3

    E.   May 31, 2018 Incident..........................................................................3

    F.   June 1, 2018 Incident............................................................................3

    G.   March 10, 2019 Incident.......................................................................3

    H.   May 18, 2019 Incident..........................................................................3

    I.   Municipal and Supervisory allegations................................................4

III.  LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS.................4

IV.  ARGUMENT.....................................................................................................4

    1.  Plaintiffs fail to state a viable federal claim against Sheriff Scott Jones...................5

    2.  Plaintiffs fail to state a viable state claim against Sheriff Scott Jones.......................6

    3.  The naming of Sacramento County Sheriff's Department as a defendant
       is improper or redundant to the County...................................................................6

    4.  Plaintiffs' Complaint Fails to State a Monell Claim Against the County....................7

    5.  Plaintiffs' claims arising from alleged vehicle stops, searches, or use of
       force are improperly asserted under the Fourteenth Amendment...........................9

    6.  Plaintiffs' Second claim for violation of the Fourth Amendment fails to
       state claims against all Defendants as arising from the May 28, 2018 and
       June 1, 2018 incident .............................................................................................9

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}

i

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

7.  Plaintiffs' fourth and fifth claims for violation of familial association
    and right of association under the First and Fourteenth Amendments fails
    to state claims against Defendants……………………………………….......10

8.  Plaintiffs' claim for Denial/Delay of Medical Treatment fails to
    state claims against all Defendants……………………………………….…11

9.  Plaintiffs' claim for violation of the Americans with Disabilities Act and
    Rehabilitation Act fails to state claims against all Defendants…………………………...12

10. Plaintiffs' claim under Article I, §13 of the California Constitution fails
    to state claims against all Defendants………………………………………......13

11. Plaintiffs' claim for Failure to Discharge a Duty fails to state
    claims against all Defendants………………………………………….…..14

12. Plaintiffs' Tenth claim for Assault and Battery fails to state claim
    Against all Defendants……………………………………………….......15

13. Plaintiffs' claim for Intentional Infliction of Emotional Distress fails to
    State claims against all Defendants……………………………………….…15

14. Plaintiffs' claim for violation of the Bane Act fails to state claims
    Against all Defendants……………………………………………….…16

V.     CONCLUSION…………………………………………………………..…17

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}

ii

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

2                                   **TABLE OF AUTHORITIES**

3   Cases

4

5   Ashcroft v. Iqbal,

        129 S.Ct. 1937 (2009) ................................................................. 5

6

7   Behm v. Luzerne Cty. Children & Youth Policy Makers,

        172 F. Supp. 2d 575 (M.D. Pa. 2001) ........................................ 11

8

9   Bell Atl. v. Twombly,

        550 U.S. 544 (2007) ................................................................. 5

10

11  Board of Dir. v. Rotary Club,

        481 U.S. 537 (1987) ................................................................. 10

12

13  Borges v. City of Eureka,

        No., 2017 WL 363212 (N.D. Cal. Jan. 25, 2017) ........................ 11

14

15  City of Canton, Ohio v. Harris,

        489 U.S. 378 (1989) ................................................................. 7

16

17  Connick v. Thompson,

        963 U.S. 51 (2011) ................................................................... 7

18

19  Conti v. City of Fremont,

        919 F.2d 1385 (9th Cir. 1990) ................................................... 10

20

21  Cornell v. City and County of San Francisco,

        17 Cal. App. 5th 766 (2017) as modified ...............................16

22

23  Duvall v. County of Kitsap,

        260 F.3d 1124 (9th Cir. 2001) ................................................ 12,13

24

25  Edson v. City of Anaheim,

        63 Cal. App. 4th 1269, (1998) ................................................ 15

26

27  Estate of Adomako v. City of Fremont,

        2018 WL 587146 (N.D. Cal. Jan. 29, 2018) ............................. 11

28

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

---

{02035031.DOCX}                              iii

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Estate of Phillips v. City of Milwaukee,
  123 F.3d 586 (7th Cir. 1997) ........................................................................ 11

Fayle v. Stapley,
  607 F.2d 858 (9th Cir.1979) ......................................................................... 5

Fisher v. Kealoha,
  869 F.Supp. 2d 1203 (D. Haw. 2012) ........................................................... 6

Gillette v. Delmore,
  979 F.2d 1342 (1992) .................................................................................... 7

Graham v. Connor,
  490 U.S. 386 (1989) ...................................................................................... 9

Headwaters Forest Def. v. Cty. of Humboldt,
  276 F.3d 1125 (9th Cir. 2002) ...................................................................... 6

Hughes v. Pair,
  46 Cal. 4th 1035 (2009) ................................................................................ 16

Johnson v. Duffy,
  588 F.2d 740 (9th Cir.1978) ......................................................................... 5

Jones v. Kmart,
  17 Cal. 4th 329 (1998) .................................................................................. 16

Kelson v. City of Springfield,
  767 F.2d 651 (9th Cir. 1985) ........................................................................ 10

Mejia v. City of San Bernardino,
  No. 2012 WL 1079341 n.12 (C.D. Cal. Mar. 30, 2012) ............................... 12

Miranda v. Clark County, Nevada,
  279 F.3d 1102 (9th Cir. 2002) ................................................................. 13, 14

Monell v. Dept of Soc. Servs.,
  436 U.S. 658 (1978) ............................................................................... 1,7,8,9

Oviatt by & through Waugh v. Pearce,
  954 F.2d 1470 (9th Cir. 1992) ...................................................................... 7

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Pareto v. FDIC,

  139 F.3d 696 (9th Cir. 1998)............................................................................. 5

PC. v. City of Los Angeles,

  No. 2012 WL 12847227 (C.D. Cal. Sept. 14, 2012)...................................... 11

People v. Price,

  (1991) 1 Cal. 4th 324.................................................................................... 114

Quiller v. Barclays American Credit Inc.,

  727 F.2d 1067 (11th Cir. 1984)....................................................................... 5

Reese v. Cty. of Sacramento,

  888 F.3d 1030 (9th Cir. 2018)........................................................................ 16

Santosky v. Kramer,

  455 U.S. 745 (1982)........................................................................................ 10

Shannon v. Cty. of Sacramento,

  2016 WL 1138190 (E.D. Cal. Mar. 23, 2016) .............................................. 7

Shields v. Twiss,

  389 F.3d 142 (5th Cir. 2004) (dismissing .................................................... 9

Simmons v. Navajo County, Ariz.,

  609 F.3d 1011 (9th Cir. 2010)....................................................................... 13

Tatum v. City & Cty. of San Francisco

  441 F.3d 1090 (9th Cir. 2006)................................................................... 11,12

United States v. Kama,

  394 F.3d 1236 (9th Cir. 2005)........................................................................ 6

United States v. Mayer,

  503 F.3d 740 (9th Cir. 2007).......................................................................... 9

United States v. Sandoval,

  200 F.3d 659 (9th Cir. 2000).......................................................................... 9

United States v. Dionisio,

  410 U.S. 19, 45, (1973) ...............................................................................10

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

Venegas v. County of Los Angeles,

   32 Cal. 4th 820 (2004).............................................................................................. 16


Statutes

42 U.S.C. § 19835 ............................................................................................... 5,6,7,9

Art. I section 13 of California Constitution................................................................. 6,13

Cal. Civ. Code § 52.1(a)........................................................................................... 16,20

Cal. Gov't Code § 815.6 ................................................................................................ 14

Cal. Pen. Code §§ 849.5 and 851.6 ............................................................................. 14

Cal. Penal Code § 851.6 ............................................................................................... 14

Cal.Pen.Code, § 835a ................................................................................................... 15

California Government Code § 820.8 .............................................................................. 6

section 52.1 ..................................................................................................................... 16

Rules

Fed. R. Civ. P. 12(b)(6)............................................................................................... 4,5

Rule 8 of the Federal Rules of Civil Procedure ......................................................... 5,8

Regulations

29 C.F.R. Pt. 1630, App. § 1630.2(h) ........................................................................... 13

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}                                              vi

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES ("Defendants") hereby move to dismiss the First Amended Complaint of Plaintiffs TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON, and submit the following Memorandum of Points and Authorities in support thereof.

## I.  INTRODUCTION

Plaintiffs filed a complaint on March 8, 2019. On May 20, 2019 Defendants file a motion to dismiss. On June 7, 2019 Plaintiffs filed this First Amended Complaint ("FAC"). The FAC essentially appears substantially similar to the original complaint, save some limited non-substantive changes, and added two additional alleged incidents.

This case, as amended, arises out of eight different alleged "incidents" between March and May 2019, of being stopped or followed by law enforcement, while one incident involved a search of a residence.

Defendants submit several of the "incidents" where no interaction actually occurred, fail to imply a constitutional or other injury.   Otherwise, these moving Defendants submit the conclusory, boilerplate allegations are insufficient for purposes of holding the Sheriff liable, the Department or the County for purpose of Monell.

## II.  ALLEGATIONS

According to the FAC, Plaintiffs allege the following eight incidents:

### A.  March 13, 2018 Incident

On March 13, 2018, Plaintiff DOMINIC HAYNES-TENNYSON and DEVON TENNYSON were driving home when they were allegedly surrounded by deputies with guns pointed at them, and ordered out of their vehicle. (Plaintiffs' First Amended Complaint, herein after "FAC" ¶¶ 13-15.) Plaintiff DOMINIC HAYNES-TENNYSON was handcuffed, and Plaintiff DEVON TENNYSON allegedly informed deputies of a disability with his back, but was stepped on while prone and his arms were "pulled back hard." (FAC ¶¶ 16-19.) Plaintiffs allege that DEVON TENNYSON informed officers he was in pain and officers refused to relent and did not provide objectively reasonable post-arrest medical treatment. (FAC ¶ 19.) Both Devon and

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Dominic were allegedly arrested with "intentional threats, intimidation, and coercion," and placed inside a police vehicle for "hours." (FAC ¶20.)

On the same day, Plaintiff TINA TENNYSON was present at her residence when deputies entered it without a warrant to search for a suspect. (FAC ¶ 22.) Deputies allegedly screamed and yelled crude language and insults, aimed their guns at her, damaged numerous items of personal property, such as doors, beds, curtains, and refused to let her use the restroom "for roughly three hours," causing her to soil herself. (FAC ¶ 24.) Plaintiffs allege TINA TENNYSON was in-effect arrested as a result of this temporary detention. (FAC ¶ 24.)

**B.    April 1, 2018 Incident**

On April 1, 2018, Plaintiff DEVON TENNYSON was pulled over by two "officers"[1] "without probable cause." (FAC ¶ 27.) When asked whether he was on probation or parole or if he had anything in his vehicle, he invoked his right to remain silent. (FAC ¶ 28.) Thereafter, he was ordered out of the vehicle, and detained/arrested[2] in a "police vehicle."[3] (FAC ¶ 29.) Several other law enforcement personnel arrived, and conducted a search of the vehicle, again without probable cause. (FAC ¶ 30.) Plaintiff DEVON TENNYSON alleges while nothing illegal was found, Plaintiff TINA TENNYSON was "called to pick up the vehicle." (Id.) Plaintiffs allege that "police destroyed...speakers and amplifier." (FAC ¶31.)

**C.    April 11, 2018 Incident**

Plaintiff DEVON TENNYSON alleges that on April 11, 2018, he was pulled over by an "undercover police officer" on the grounds that his front license plate was missing and/or he was speeding. (FAC ¶¶ 33-34.) Plaintiff DEVON TENNYSON alleged the officer asked him if he was on probation and/or parole, detained/arrested him, and Plaintiff TINA TENNYSON was called to pick up his vehicle. (FAC ¶ 34.)

---

[1] The term deputies and officers are used throughout the Complaint. It is not clear if Plaintiffs intentionally used "officers" here, or elsewhere, to indicate another agency.

[2] Plaintiffs' First Amended Complaint simply added the word "arrested" to each allegation. Plaintiffs' factual allegations have not changed and there is nothing alleged to suggest that an arrest actually occurred. To the extend Plaintiffs' allege a *de facto* arrest occurred they also fail to provide sufficient facts to support this.

[3] It is again not clear if "police vehicle" is meant to denote another agency beside the County.

{02035031.DOCX}                                          2

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

### D.   May 28, 2018 Incident

Plaintiffs TINA and DEVON TENNYSON allege that on or about May 28, 2018, they were driving when they observed police pass them, only to turn around and follow them. (FAC ¶ 36.)  At a stop light, one of the officers positioned his vehicle to the left side of their vehicle, with another deputy's vehicle stopped behind them. (FAC ¶ 37.) Plaintiffs allege this prevented them from making a U-turn. (Id.) Plaintiffs also allege that they proceeded to turn into a restaurant parking lot, and deputies then made a U-turn, parked and "monitored" them. (FAC ¶38.)

### E.   May 31, 2018 Incident

Plaintiff DEVON TENNYSON alleges that on May 31, 2018, a deputy pulled him over "without probable cause." (FAC ¶ 40.) On this occasion, Plaintiff denied being on probation or parole, and the deputy "peered into the vehicle" but then "eventually left." (FAC ¶ 41.)

### F.   June 1, 2018 Incident

Plaintiff DEVON TENNYSON claims on or about June 1, 2018, he was "followed all the way to his home" by "officers" while driving his motorcycle. (FAC ¶¶ 42-43.)

### G.   March 10, 2019 Incident

Plaintiff DEVON TENNYSON alleges that on or about March 10, 2019 he was driving a newly purchased vehicle. (FAC ¶ 45.) DEVON TENNYSON alleges that an "officer" pulled him over stating that he did not have a front license plate. (FAC ¶ 46.) "Officers" then claimed he was seen possessing a gun over one month prior. (FAC ¶ 47.) They then "arrested" DEVON by placing handcuffs on him. (FAC ¶ 47.) DEVON alleges this left bruising on his wrists and the shock of the event caused his partner to go into contractions. (FAC ¶ 47.) Plaintiffs allege TINA TENNYSON arrived on scene at which point DEVON TENNYSON was released. (FAC ¶ 48.)

### H.   May 18, 2019 Incident

Plaintiff DEVON TENNYSON alleges that on or about May 18, 2019 "officers" arrived in response to a call regarding a domestic dispute. (FAC ¶ 49.) Plaintiff DEVON TENNYSON alleges he was handcuffed and arrested at his home in the presence of TINA TENNYSON. (FAC ¶ 49.)  Plaintiff DEVON TENNYSON alleges he was sat in the back of one police car for over an hour, but was moved to another police car and told to "sit tight." (FAC ¶ 50.)  However, Plaintiff

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

DEVON TENNYSON alleges he was booked in the Sacramento County Jail and held for approximately four days, without a mat to sleep on, despite repeated requests for a mat for his "disabled back." (FAC ¶ 51.) Plaintiff TINA TENNYSON visited DEVON on or about May 19, 2019 and "fainted at the stress of seeing her son in jail." (FAC ¶ 52.) Plaintiff DEVON TENNYSON was released on May 21, 2019 with no charges filed against him. (FAC ¶ 53.)

## I.   Municipal and Supervisory allegations

Plaintiffs allege SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. (FAC ¶¶ 55-56.) Plaintiffs further allege that SCOTT JONES knowingly participated in creating and maintaining a culture of impunity for officers' use of unconstitutionally excessive force and knowingly turned a blind eye to such abuses. (FAC ¶ 55.) Including any policy or practice of treating citizens who are not on probation or parole as if they are on probation or parole simply on baseless suspicion of that citizen's booking photo from a prior case. (FAC ¶ 55.) Plaintiffs further allege that SCOTT JONES was inactive in the training, supervision, or control of his subordinates. (Id.)

Plaintiff alleges that Defendants, "knew or should have known that subordinate law enforcement officers under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted." (FAC ¶ 57.)

Plaintiffs allege that Defendants were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command. (FAC ¶ 58.)

## III.   LEGAL STANDARD APPLICABLE TO MOTIONS TO DISMISS

To survive a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a plaintiff must make a "short and plain statement" providing "enough

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

facts to state a claim for relief that is plausible on its face." <u>Bell Atl. v. Twombly</u>, 550 U.S. 544 (2007) (quoting Rule 8(a)(2)). Survival requires more than a statement that is merely consistent with a valid theory of recovery. <u>Id.</u> Rather, the statement must include "enough factual matter (taken as true) to suggest" a right to relief. <u>Id.</u> (parentheses in original). In other words, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." <u>Id.</u> A motion to dismiss also is appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading. Fed. R. Civ. P. 12(b)(6); <u>Quiller v. Barclays American Credit Inc.</u>, 727 F.2d 1067, 1069 (11th Cir. 1984). Mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

## IV.   <u>ARGUMENT</u>

**1.   Plaintiffs fail to state a viable federal claim against Sheriff Scott Jones**

Plaintiffs assert the first claim for relief for alleged excessive force against "all defendants", which ostensibly includes the Sheriff. Defendant JONES submits that no personal participation by Sheriff Jones is alleged and therefore this claim fails.

Liability under §1983 arises only upon a showing of personal participation by the defendant. <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir.1979). A person "subjects" another to the deprivation of a constitutional right, within the meaning of §1983 if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiffs fail to allege that Sheriff Jones participated in an affirmative act that would make him subject to liability for excessive force under federal law. Plaintiffs simply allege that Sheriff Jones was a "policy-making authority" and that he "should have known that subordinate law enforcement officers...were inadequately trained." (FAC ¶¶ 55-56.) Plaintiffs then allege that Sheriff Jones "creat[ed] and maintain[ed] a culture of impunity for officer's use of ...excessive

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

force." (FAC ¶ 55.)  Defendants submit that Plaintiffs' failure to allege specific actions by Sheriff Jones that show he participated in an affirmative act, fails to establish individual liability. Accordingly, Defendants' Motion to Dismiss should be granted.

**2.      Plaintiffs fail to allege sufficient state-based claims against Sheriff Scott Jones**

Plaintiffs assert several state-based claims against Defendant JONES: the sixth claim (violation of Art. I section 13 of California Constitution), twelfth claim (intentional infliction of emotional distress), thirteenth claim (negligence), and seventeenth claim (Bane Act).  Defendant submits these claims contain insufficient allegations that would allow for individual liability on the part of the Sheriff.

To the extent Plaintiffs seek to hold Sheriff Jones liable for the action of his subordinates, the Sheriff is immune from such liability pursuant to California Government Code § 820.8 ("a public employee is not liable for an injury caused by the act or omission of another person").

Plaintiffs fail to allege sufficient facts of any of the state based claims.  The only facts are Sheriff Jones was a "final policy-making authority for…County of Sacramento" and "creat[ed] and maintain[ed] a culture of impunity for officer's use of …excessive force." (FAC ¶ 55.) . This is woefully insufficient to allege facts sufficient to state claims for violation of Art. I section 13 of California Constitution, intentional infliction of emotional distress, negligence, and the Bane Act. Accordingly, Defendants' Motion to Dismiss should be granted.

**3.      The naming of Sacramento County Sheriff's Department as a defendant is improper or redundant to the County**

Plaintiffs separately name the Sheriff's Department in most claims for relief, but appear to make no distinction between the Department and the County. It is well settled however, that the naming of municipal departments as defendants that are not separate legal entities within a county is redundant and unnecessary. Indeed, "courts in the Ninth Circuit generally have treated police departments as part of a municipality." (Fisher v. Kealoha, 869 F.Supp. 2d 1203, 1214 (D. Haw. 2012) (citing Headwaters Forest Def. v. Cty. of Humboldt, 276 F.3d 1125, 1127 (9th Cir. 2002).) Sheriff's departments, standing alone, are generally not considered "persons" for purposes of Section 1983 liability. (See United States v. Kama, 394 F.3d 1236, 1239–40 (9th Cir. 2005)

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not

2   considered 'persons' within the meaning of 42 U.S.C. § 1983.").) Where identical theories are

3   lodged against both the County and the municipal Department, and it is not evident that Plaintiffs

4   identify distinctions between the two defendants, the naming of the department is duplicative.

5   Shannon v. Cty. of Sacramento, 2016 WL 1138190, at *7 (E.D. Cal. Mar. 23, 2016).

6        It is axiomatic that the Sheriff's Department is not a separate, distinct legal entity apart

7   from the County, but instead is just a department within the County. Naming the Sheriff's

8   Department in this action as a defendant is a redundant means of pleading an action against the

9   County. Plaintiffs do not appear to make distinctions between the two. As such, Defendants

10  respectfully submit that the Sheriff's Department should be dismissed as an improperly named

11  party.

12  **4.    Plaintiffs' Complaint Fails to State a <u>Monell</u> Claim Against the County**

13        Municipal liability must rest on the actions of the municipality, and not the actions of the

14  employees of the municipality.  <u>Monell v. Dept of Soc. Servs.</u> 436 U.S. 658, 690 (1978).  In order

15  to establish liability, a plaintiff must show that a policy or custom led to the plaintiff's injury. (Id.

16  at 694.) Official municipal policy includes the decisions of a government's lawmakers, the acts of

17  its policy making officials, and practices so persistent and widespread as to practically have the

18  force of law. <u>Connick v. Thompson</u> 963 U.S. 51, 61 (2011). Municipal liability arises only when

19  the plaintiff shows: (1) the deprivation of a constitutional right; (2) the municipality has a policy;

20  (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the

21  policy is the moving force behind the constitutional violation.  See <u>City of Canton, Ohio v. Harris</u>,

22  489 U.S. 378, 389 (1989); <u>Oviatt by & through Waugh v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir.

23  1992). The mere acquiescence in a single instance of alleged unconstitutional conduct is not

24  sufficient to demonstrate ratification of a subordinate's acts.  <u>Gillette v. Delmore</u> 979 F.2d 1342,

25  1348 (1992).

26        Here, Plaintiffs allege that:

27

28        Defendants knew or should have known that subordinate law enforcement officers
        under their command…were inadequately trained, supervised, or disciplined
        resulting from either the lack of proper training, pursuant to policy, or the result of

{02035031.DOCX}                                    7

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

lack of policy concerning the use of excessive and unreasonable force against persons contacted, as well as treatment of citizens who are not on probation or parole as if they are. (FAC ¶ 57.)

Plaintiffs further allege that:

Defendants should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources including multiple past instances of use of arresting, detaining, and confining law-abiding citizens due to baseless suspicions of criminal activity, probation, or parole when said citizens are not on probation or parole, by law enforcement officers under their command. (FAC ¶59.)

To the extent that Plaintiffs' FAC relies on the eight "incidents" to establish liability under Monell, it fails particularly as to any claim based on a Fourth Amendment violation arising from excessive force and search of a residence.  Plaintiffs only allege one instance of a search (March 13, 2018) and one instance of a use of force (March 13, 2018.)  The rest of the incidents are not sufficiently similar.    Thus, the singular search, or singular use of force, is insufficient to state a Fourth Amendment pattern or practice.

In addition, Plaintiffs allege only one actual arrest, and to the extent that the temporary detentions occurring on March 13, 2018; April 1, 2018; and April 11, 2018; and March 10, 2019 are to be taken as *de facto* arrests, Plaintiffs fail to state that they are referring to these incidents to support their Monell claims.[4]    In other words, these allegations fail to specifically state which specific plaintiff each allegation relates to or which incident supports each claim for a violation of rights. [5]

Alternatively, given the single incidents of search of the residence, one incident of use of force, but multiple stops of vehicles, it is not clear the type of claim is presented here for purposes of Monell, and thus fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiffs also fail to allege any facts relating to training or actually established policies by

---

[4] Plaintiffs allege that they were "placed inside a police vehicle for hours," and then cursorily refer to these incidents as detentions/arrests.   Plaintiffs fail to allege sufficient facts to show that any such detention amounts to an arrest.

[5] Plaintiffs generally incorporate each and every allegation into each cause of action. As such the facts supporting each cause of action are impossible to decipher from facts supporting other causes of action.

{02035031.DOCX}                                                    8

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   which excessive force is implemented.  The FAC alleges that officers rely on old booking photos

2   to "treat [plaintiffs] as if they are *de facto* on probation." (FAC ¶ 11.) Again, it is unclear whether

3   Plaintiffs are asserting a policy and/or practice of unlawful vehicle stops, unlawful arrests, or

4   profiling.  Given that Plaintiffs fail to properly assert municipal liability under <u>Monell</u>, this Motion

5   to Dismiss should be granted.

6   **5.    Plaintiffs' claims arising from alleged vehicle stops, searches, or use of force are**

7   **improperly asserted under the Fourteenth Amendment**

8        Plaintiffs' first, second, and third claims for relief all arise from alleged vehicle stops,

9   searches, or use of force, but assert both the Fourth and Fourteenth Amendments as grounds for the

10  claims. Defendants submit that because the Fourth Amendment provides an explicit textual source

11  of constitutional protection against this sort of alleged governmental conduct, these claims are

12  properly analyzed under the Fourth Amendment, not the Fourteenth.  <u>Graham v. Connor</u>, 490 U.S.

13  386, 395 (1989).  Accordingly, the references to the Fourteenth Amendment in said claims should

14  be stricken and/or dismissed.

15  **6.    Plaintiffs' Second claim for violation of the Fourth Amendment fails to state claims**

16  **against all Defendants as arising from the May 28, 2018 and June 1, 2018 incident**

17       "The protections of the Fourth Amendment only apply if there has been a search or seizure,

18  making the threshold inquiry in every Fourth Amendment analysis whether a search or seizure has

19  occurred. See e.g. <u>United States v. Sandoval</u>, 200 F.3d 659 (9th Cir. 2000). Thus, merely being a

20  target of a law enforcement investigation is not in and of itself actionable under Section 1983. See

21  e.g. <u>United States v. Mayer</u>, 503 F.3d 740, 749-50 (9th Cir. 2007) (stating that "there is no

22  requirement of probable cause when a law enforcement agency investigates an individual or

23  group."); see also <u>Shields v. Twiss</u>, 389 F.3d 142, 150-51 (5th Cir. 2004) (dismissing allegations

24  of "unreasonable investigation" because appellant "pointed to no legal basis for a § 1983 action of

25  this sort, and the court knows of none.").

26       Here, Defendants submit that the alleged incidents on May 28, 2018, and June 1, 2018 fail

27  to sufficiently invoke a violation of the Fourth Amendment. In both instances, no detention or

28  arrest occurred, only allegations of essentially being followed or observed.  This is insufficient for

1   purposes of the Fourth Amendment, and the second claim based thereon should be dismissed.

2   **7.      Plaintiffs' fourth and fifth claims for violation of familial association and right of**

3   **association under the First and Fourteenth Amendments fails to state claims against**

4   **Defendants**

5          In their fourth claim for relief, Plaintiffs assert a violation of the right to familial

6   association under the Fourteenth Amendment.  In the Fifth claim, Plaintiffs assert a violation of the

7   right of association under both the First and Fourteenth Amendment. Defendants submit the First

8   and Fourteenth Amendment do not apply under these circumstances and/or Plaintiffs fail to allege

9   sufficient facts of same.

10         The Fourteenth Amendment Due Process Clause prohibits government interference with

11  family relationships unless the government adheres to the requirements of procedural and

12  substantive due process. See <u>Kelson v. City of Springfield</u>, 767 F.2d 651, 654-55 (9th Cir. 1985)

13  (citing <u>Santosky v. Kramer</u>, 455 U.S. 745 (1982).  In addition, "the First Amendment protects

14  those relationships, including family relationships, that presuppose 'deep attachments and

15  commitments to the necessarily few other individuals with whom one shares not only a special

16  community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's

17  life.' " <u>Board of Dir. v. Rotary Club</u>, 481 U.S. 537, 545 (1987); see also <u>Conti v. City of Fremont</u>,

18  919 F.2d 1385, 1388-89 (9th Cir. 1990).

19         Claims under the First and Fourteenth Amendment for interference with the right of

20  familial association require "unwarranted interference." See <u>Keates v. Koile</u>, 883 F.3d 1228, 1236

21  (9th Cir. 2018.) Unwarranted interference includes governmental actions that are vexatious and,

22  unnecessary, harassing, unfounded or unreasonable, and arbitrary, discriminatory, or demonstrably

23  irrelevant. <u>Reyes v. Cty. of San Joaquin, No</u>. CIVS040428FCDPANPS, 2005 WL 2105030, (E.D.

24  Cal. Aug. 31, 2005.) (citing <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 781-782 (1982); <u>United States v.</u>

25  <u>Dionisio</u>, 410 U.S. 19, 45, (1973); and <u>Carter v. Carter Coal Co</u>., 298 U.S. 238, 332, (1936).) For

26  example unwarranted interference occurred when a mother searching for an arrested son was told

27  they had no record of his location when they knew he had been extradited to another state. See Lee

28  v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001.) Finally, courts require allegations that

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}                                    10

1    individual defendants were in some way "involved with the decision to" interfere with protected

2    familial associations. See <u>Fitch v. Galland</u>, No. 1:16 CV-00489-JLT, 2017 WL 1231869 (E.D. Cal.

3    Jan. 6, 2017.) (citing Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).)

4         Here, there are no allegations that indicate that any actions by specified Defendants

5    prevented any familial relationship or other association to continue or were severed in some way,

6    either procedurally or substantively.  This case does not involve the removal of children from the

7    custody or care of a parent, nor the death of a party. In addition, Defendants note that one court

8    observed that no case has found a violation of family members' right to intimate association under

9    the First Amendment outside of the context of employment retaliation and wrongful death cases.

10   <u>Behm v. Luzerne Cty. Children & Youth Policy Makers</u>, 172 F. Supp. 2d 575, 587 (M.D. Pa.

11   2001).  Regardless, Plaintiffs also fail to allege any facts of some "unwarranted interference" with

12   a relationship occurred.  Since the allegations of this case do not involve some procedural or

13   substantive due process right, the fourth and fifth claims should be dismissed.

14   **8.    Plaintiffs' claim for Denial/Delay of Medical Treatment fails to state claims against**

15   **all Defendants**

16        Plaintiffs' fourteenth claim for relief asserts a Fourteenth Amendment violation on the

17   grounds that Defendants somehow failed to provide medical treatment. The Fourteenth

18   Amendment does not apply and/or fails to state a claim under the Fourth Amendment.

19        Claims of denial of medical care during and immediately following an arrest have been

20   analyzed under the Fourth Amendment and its "objective reasonableness" standard, rather than the

21   Fourteenth Amendment. <u>Borges v. City of Eureka</u>, No., 2017 WL 363212, at *6 (N.D. Cal. Jan.

22   25, 2017) (citing <u>Tatum v. City & Cty. of San Francisco</u>, 441 F.3d 1090, 1098-99 (9th Cir. 2006)).

23   See also <u>Estate of Adomako v. City of Fremont</u>, 2018 WL 587146, at *5 (N.D. Cal. Jan. 29, 2018)

24   (rejecting the argument that the Fourteenth Amendment applied); <u>PC. v. City of Los Angeles</u>, No.

25   2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012) citing <u>Estate of Phillips v. City of</u>

26   <u>Milwaukee</u>, 123 F.3d 586, 595-96 (7th Cir. 1997) (applying the Fourth Amendment to a claim that

27   officers failed to provide adequate medical care following an arrest). In accordance with these

28   authorities, this claim is not properly pled under the Fourteenth Amendment.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}                          11

1    In that regard, the Fourth Amendment "requires law enforcement officers to provide
2 objectively reasonable post-arrest care to an apprehended suspect." Mejia v. City of San
3 Bernardino, No. 2012 WL 1079341, at *5 n.12 (C.D. Cal. Mar. 30, 2012) (citing Tatum, 441 F.3d
4 at 1099). What is objectively reasonable post-arrest care to a suspect has not yet been determined.
5 Id. (citing Tatum, 441 F.3d at 1099).

6    Plaintiff DEVON TENNYSON alleges he was denied medical care for his "back injuries."
7 (FAC ¶ 138). Specifically, Plaintiff claims he was stepped on while prone, causing pain. (Id. ¶
8 18). Plaintiff then claims he was held in a vehicle for "hours."

9    Defendants submit that in the absence of clear allegation of an actual arrest, as opposed to
10 conclusory allegation that a plaintiff was arrested, nor any objectively reasonably serious medical
11 injury, the vague back pain is insufficient to indicate the allege failure to summon care sufficiently
12 states a claim. There is no indication that the deputies were informed of any specific serious injury
13 that Plaintiff might have had that required immediate medical attention. Accordingly, Defendants'
14 Motion to Dismiss should be granted.

15 **9.   Plaintiffs' claim for violation of the Americans with Disabilities Act and**
16 **Rehabilitation Act fails to state claims against all Defendants**

17    Plaintiffs' fifteenth and sixteenth claims for relief assert violations of Title II of the
18 Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act. (FAC ¶¶ 141-
19 152,). Defendants submit the conclusory allegations are insufficient to state a claim for relief.

20    To state a claim under the Rehabilitation Act, a plaintiff must allege he/she "(1) is an
21 individual with a disability; (2) is otherwise qualified to receive the benefit; (3) was denied the
22 benefits of the program solely by reason of his disability; and (4) the program receives federal
23 financial assistance." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Likewise,
24 to state a claim under Title II of the ADA, the plaintiff must allege that he/she: (1) is an individual
25 with a disability; (2) is otherwise qualified to participate in or receive the benefit of some public
26 entity's services, programs, or activities; (3) was either excluded from participation in or denied
27 the benefits of the public entity's services, programs, or activities, or was otherwise discriminated
28 against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}                                           12

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1  reason of [his] disability. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1021-22 (9th Cir.

2  2010). Further, to recover monetary damages under Title II, such discrimination must be

3  intentional on the part of the defendants.  <u>Duvall</u>, 260 F.3d at 1139. That means a plaintiff must

4  allege the defendant had "both knowledge that a harm to a federally protected right is substantially

5  likely, and a failure to act upon the likelihood." <u>Id</u>.

6       Plaintiffs essentially state in conclusory fashion they were arrested in a manner that

7  somehow failed to account for each of their respective "disabilities." Plaintiffs only present a

8  conclusory allegation that Plaintiff DEVON TENNYSON "had a disability relating to his back

9  that required him to need surgery" and that the injury "substantially limited his major life

10  activities. (FAC ¶ 19.) Plaintiffs assert that "law enforcement officers failed to interceded and

11  prevent, and/or were integral participants to excessive and unreasonable force against them." (Id.

12  at 144.) Such allegations are insufficient to support claims under Title II or the Rehabilitation Act.

13  See e.g. <u>Miranda v. Clark County, Nevada</u>, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory

14  allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to

15  state a claim.").)

16       Merely being afflicted with some respective limitations in movement does not qualify as

17  an impairment that substantially limits a major life activity. See 29 C.F.R. Pt. 1630, App. §

18  1630.2(h) "[a] physical impairment, standing alone, is not necessarily a disability as contemplated

19  by the ADA [because [t]he statute requires an impairment that substantially limits one or more of

20  the major life activities."

21       Lastly, Plaintiffs fail to allege some intentional discrimination based on their disabilities.

22  On each of these bases, the Motion to Dismiss the fifteenth and sixteenth cause of action for relief

23  should be granted.

24  **10.    Plaintiffs' claim under Article I, §13 of the California Constitution fails to state**

25  **claims against all Defendants**

26       Plaintiffs' seventh claim for relief asserts violations of the California Constitution based on

27  false arrest and/or imprisonment.

28       In California, probable cause to arrest exists when the arresting officer is aware of facts

MOTION TO DISMISS FAC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  that would lead a person of ordinary care to suspect that the person arrested has committed a
2  crime. People v. Price (1991) 1 Cal. 4th 324, 420.

3     Plaintiffs' FAC alleges that an arrest took place on May 18, 2019, but concedes that this
4  arrest was the result of a domestic dispute. (FAC ¶ 49.) To the extent that Plaintiffs contend the
5  deputies detained Plaintiffs for "hours" as constituting a *de facto* arrest, Plaintiffs still fail to state
6  any facts that would suggest this detention was without probable cause. Instead, Plaintiffs merely
7  allege in conclusory fashion such was "without probable cause."  These conclusory allegations
8  should be rejected.  Miranda, 279 F.3d at 1106.  This is particularly telling where some allegations
9  appear to admit there was probable cause to stop the vehicle. For example, on April 11, 2018
10 Plaintiff was pulled over for missing a front license plate and speeding. (FAC ¶¶ 33-34.) On
11 March 10, 2019 Plaintiff was pulled over for a missing license plate (FAC ¶ 46.)  Accordingly,
12 Defendants' Motion to Dismiss should be granted.

**11.   Plaintiffs' claim for Failure to Discharge a Duty fails to state claims against all**
**Defendants**

15     Plaintiffs' ninth claim for relief alleges that Defendants failed to discharge a duty under
16 California law.

17     Where a public entity is under a mandatory duty imposed by an enactment that is designed
18 to protect against the risk of a particular kind of injury, the public entity is liable for an injury of
19 that kind proximately caused by its failure to discharge the duty unless the public entity establishes
20 that it exercised reasonable diligence to discharge the duty. (Cal. Gov't Code § 815.6.)

21     Plaintiffs' Complaint states, "[Defendants] failed to discharge mandatory duties imposed
22 by Cal. Pen. Code §§ 849.5 and 851.6." In any case in which a person is arrested and released and
23 no accusatory pleading is filed charging him with an offense, any record of arrest of the person
24 shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a
25 detention only. (Cal. Penal Code § 849.5.)  In any case in which a person is arrested and released
26 pursuant to paragraph (1), (3), or (5) of subdivision (b) of Section 849, the person shall be issued a
27 certificate, signed by the releasing officer or his superior officer, describing the action as a
28 detention. (Cal. Penal Code § 851.6.) The primary purpose of sections 849.5 and 851.6 … is to

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   prevent those who had been arrested, but not criminally charged, from suffering hiring

2   discrimination based on the arrest. <u>Behan v. Alexis</u>, 116 Cal. App. 3d 403, 406–07 (Ct. App.

3   1981.)

4   Plaintiffs fail to specify which of the incidents is subject to this statutory duty.  Defendants

5   are unaware of any authority that applies this section to detentions alone, nor to *de facto* arrests.

6   Plaintiff has alleged only one actual arrest (May 18, 2019), but no allegations to suggest a

7   certificate compliant with these statutes was not issued at that time. Plaintiff also fails to allege

8   that any such record of arrests exists that would be subject to protection under these statutes.

9   Accordingly, Defendants' Motion to Dismiss should be granted.

10  **12.   Plaintiffs' Tenth claim for Assault and Battery fails to state claims against all**

11  **Defendants**

12  "In a battery action against a police officer… Plaintiff must prove unreasonable force as an

13  element of the tort." <u>Edson v. City of Anaheim</u>, 63 Cal. App. 4th 1269, 1272, (1998). A police

14  officer in California may use reasonable force to make an arrest, prevent escape or overcome

15  resistance, and need not desist in the face of resistance. (<u>Id</u>.; citing Cal.Pen.Code, § 835a.) By

16  definition then, a prima facie battery is not established unless and until a plaintiff proves

17  unreasonable force was used. (<u>Id</u>.)

18  Plaintiffs once again generally incorporate all facts into this allegation. Of Plaintiffs' eight

19  alleged incidents, only one involves a physical interaction with officers. In that regard, while

20  Plaintiff DEVON arguably makes a claim for having his back stepped on for one incident, the

21  other Plaintiffs make no factual assertions that Defendants used excessive force given the

22  circumstances. As such, Defendants' Motion to Dismiss should be granted.

23  **13.   Plaintiffs' claim for Intentional Infliction of Emotional Distress fails to state claims**

24  **against all Defendants**

25  Plaintiffs' twelfth claim for relief asserts Defendants' actions resulted in an Intentional

26  Infliction of Emotional Distress on Plaintiffs.

27  A cognizable cause of action for intentional infliction of emotional distress exists only

28  where the facts reflect "(1) extreme and outrageous conduct by the defendant with the intention of

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}                                     15

1    causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

2    suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

3    emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050

4    (2009)

5          Defendants submit that Plaintiffs have failed to plead facts specific to establish that

6    Defendants' conduct specifically caused any emotional distress to Plaintiffs. Accordingly,

7    Defendants' Motion to Dismiss should be granted.

8    **14.   Plaintiffs' claim for violation of the Bane Act fails to state claims against all**

9    **Defendants**

10         In the seventeenth claim, Plaintiffs assert a Bane Act claim, which requires Plaintiffs to

11   allege interference or attempted interference "by threats, intimidation, or coercion", "with the

12   exercise or enjoyment by any individual or individuals of rights secured by the Constitution or

13   laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal.

14   Civ. Code § 52.1(a); Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004) ("Civil Code

15   section 52.1 does not extend to all ordinary tort actions because its provisions are limited to

16   threats, intimidation, or coercion that interferes with a constitutional or statutory right.").

17         To state a claim under Civil Code section 52.1, the plaintiff must allege that the

18   interference with the constitutional right was accompanied by an act of coercion. Jones v. Kmart,

19   17 Cal. 4th 329 (1998) ("[S]ection 52.1 does require an attempted or completed act of interference

20   with a legal right, accompanied by a form of coercion."). Most recently, in Reese v. Cty. of

21   Sacramento, 888 F.3d 1030, 1038–39 (9th Cir. 2018), the Ninth Circuit found that Cornell v. City

22   and County of San Francisco, 17 Cal. App. 5th 766 (2017) as modified (Nov. 17, 2017), review

23   denied (Feb. 28, 2018), requires the plaintiff to establish that the person who violated the

24   plaintiff's constitutional rights "had a specific intent" to do so. Id. at 801. Thus, plaintiffs must

25   allege that the specific defendant acted "with the particular purpose of depriving" the plaintiff of

26   his/her enjoyment of the interests protected. Id. at 803.

27         Here, Defendants submit the allegations, particularly given the eight different incidents, are

28   insufficient to place these moving Defendants on notice as the factual basis for the claims under

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}    16

the Bane Act, nor meets the specific intent allegation requirements. Plaintiff alleges that all actions were done with threats, intimidation and coercion but fail to state the specific acts supporting these allegations.  Therefore, the Motion to Dismiss should be granted.

V.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court grant their Motion to Dismiss.

Dated: July 8, 2019

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ *John R. Whitefleet*
    Carl L. Fessenden
    John R. Whitefleet
    Nicholas W. McKinney
    Attorneys for Defendants

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02035031.DOCX}

17