UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, CHAD CAMPBELL, JOSE LEMUS, NATHAN BURNETTE, SCOTT PUFFER, PAUL PFEIFER, MICHAEL FRENCH, WILLIAM GRIGGS, and BRIAN SANTIN<br><br>Defendants. | Case No.: 2:19-cv-00429-KJM-JDP<br><br>JOINT STIPULATION AND ORDER ON THE CONDUCT OF REMOTE DEPOSITIONS<br><br>ECF No. 40 |

Plaintiffs TINA TENNYSON, DOMINIC HAYNES-TENNYSON, and DEVON TENNYSON and Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, CHAD CAMPBELL, JOSE LEMUS, NATHAN BURNETTE, SCOTT PUFFER, PAUL PFEIFER, MICHAEL FRENCH, WILLIAM GRIGGS, and BRIAN SANTIN,), by and through their counsel of record, (collectively "the Parties'") hereby jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

1. In light of COVID-19 and various social distancing and other restrictions that have been or continue to be in place, the parties agree that depositions may be conducted remotely using

videoconference technology.

2. The Parties agree that the protocol governs all depositions that are conducted remotely, irrespective of who noticed or subpoenaed the deposition to occur.

3. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3) of the Federal Rules of Civil Procedure, but given the COVID-19 pandemic, the court reporter may not be physically present with the witness whose deposition is being taken. The Parties agree any oath administered by the court reporter remotely has the same force and effect as if given in person.

4. The Parties further agree not to object to the use of a remote deposition (whether recorded stenographically or through video recording) on the basis that the deposition was taken remotely. The Parties agree that video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing. The Parties reserve all other objections to the use of any deposition testimony at trial.

5. Each person attending/listening/watching a deposition shall be identified on the record to all other participants. The deponent shall be un-masked. All attendees who elect to be physically in the same room as the deponent shall be visible on screen while on record.

6. No counsel or attendee shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while on record.

7. The Parties agree to work collaboratively and in good faith with the video-conference service provider to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

8. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or phone with video/audio), and bandwidth

sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has or has access to the required technology. In the case of third-party witnesses, counsel noticing the deposition shall endeavor to ensure the witness has or has access to technology sufficient to appear for a videotaped deposition.

9. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

Dated: March 10th, 2021            PORTER SCOTT
                                                   A PROFESSIONAL CORPORATION

By:   /s/ John R. Whitefleet
John R. Whitefleet
Carl L. Fessenden
Kavan J. Jeppson
PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
Ph.: (916) 929-1481
Fx.: (916) 927-3706
Email: cfessenden@porterscott.com
Email: jwhitefleet@porterscott.com
Email: kjeppson@porterscott.com

Attorneys for Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARATMENT, CHAD CAMPBELL, JOSE LEMUS, NATHAN BURNETTE, SCOTT PUFFER, PAUL PFEIFER, MICHAEL FRENCH, WILLIAM GRIGGS, and BRIAN SANTIN.

Dated: March 10th, 2021            CUTTER LAW P.C.

By:   /s/ John R. Parker, Jr.

| | |
|---|---|
| | John R. Parker, Jr., SBN 257761<br>**CUTTER LAW P.C.**<br>401 Watt Avenue<br>Sacramento, CA 95864<br>Telephone: (916) 290-9400<br>Facsimile: (916) 588-9330<br>Email: jparker@cutterlaw.com |
| By: | /s/ Arash S. Khrosrowshahi |
| | Arash S. Khosrowshahi (State Bar No.: 293246)<br>LIBERTY MAN LAW<br>1010 F Street, Suite 300<br>Sacramento, California 95814<br>Telephone: (916) 573-0469<br>Facsimile: (866) 700-0787<br>E-Mail: libertymanlaw@gmail.com<br>Attorneys for Plaintiffs<br>TINA TENNYSON,<br>DOMINIC HAYNES-TENNYSON, and<br>DEVON TENNYSON |

# ORDER

Based on the foregoing stipulation by the Parties, ECF No. 40, all depositions in this matter will be conducted remotely via videoconference technology pursuant to the above terms.

IT IS SO ORDERED.

Dated:  May 10, 2021                          _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE