**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TINA TENNYSON, DOMINIC HAYNES-TENNYSON, AND DEVON TENNYSON,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, CHAD CAMPBELL, JOSE LEMUS, NATHAN BURNETTE, SCOTT PUFFER, PAUL PFEIFER, MICHAEL FRENCH, WILLIAM GRIGGS, BRIAN SANTIN, HECTOR CHAVEZ, U. A. DOMINGUEZ, VY SUON, RENNY ROJO, LE COONCE, M. KEEGAN, and J. WILHELM,<br><br>        Defendants. | CASE NO. 2:19-CV-00429-KJM-JDP<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER**<br><br>ECF No. 50 |

    WHEREAS, Plaintiffs and Defendants seek the production of records and documents ("documents"), which a party may believe are confidential, proprietary or otherwise protected from disclosure.

    WHEREAS, the protection of the documents which are produced and which contain internal, privileged, confidential, personal or sensitive information, or may constitute a trade secret, is of interest

1

solely to the parties in this matter; and,

THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Plaintiffs and Defendants, by and through their respective attorneys of record, as follows:

1. **Confidential Information.** In providing or revealing discovery materials, any party may designate as "Confidential Information" the whole or any part of discovery materials which constitutes trade secrets, know-how, personal, proprietary and sensitive information, proprietary data, contracts, financial information, and/or similar sensitive information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in economic, or competitive, reputational, or privacy-related injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. A party may also designate as Confidential Information compilations of publicly available discovery materials, which would not be known publicly in a complied form. Any copies of documents, photographs, security video, the identity of security officers, depictions, excepts, notes concerning, or other information generated from an inspection of the matters designated Confidential Information must be treated in the same manner.

2. **Designation of Confidential Information.** Documents or things or information produced or otherwise furnished (whether subpoenaed, produced informally, through discovery, or through an executed release agreement) that should be designated as Confidential Information as provided in Paragraph 1, may be designated Confidential Information by the producing party, a party who is the original source of the documents or information, or by a party or other person who has executed a release or authorization that resulted in the production of the documents or information. Any party or person who wants to designate documents or things or information as Confidential Information must effectuate that designation by stamping or marking on the documents or other material the term "CONFIDENTIAL."

3. The following documents are agreed to be CONFIDENTIAL and protected from disclosure outside this action pursuant to Fed. R. Civ. P. 26(c):

    (a) Medical/Mental health records from Kaiser Permanente MR, Kaiser Northern California billing, and Shawn D. Skaife, M.D. for Plaintiff, Tina Tennyson.

    (b) Medical/Mental health records from Kaiser Permanente MR, Kaiser Northern California billing, and Howard Heung Wing Liu for Plaintiff, Devon Tennyson.

        (c)      Medical/Mental health records from Kaiser Permanente MR, Kaiser Northern California billing, Archana Mallela, M.D., and Turning Point for Plaintiff, Dominic Haynes-Tennyson.

4. The Confidential Documents shall be used solely in connection with the above captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

5. The Confidential Documents may only be disclosed to the following persons:

        (a)      John R. Whitefleet of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above

        (b)      John R. Parker, Jr. of CUTTER LAW, PC, partners and associate attorneys in that office, as counsel for Plaintiffs in the case enumerated above;

        (c)      Arash "Ash" Khosrowshahi of LIBERTY MAN LAW, partners and associate attorneys in that office, as counsel for Plaintiffs in the case enumerated above;

        (d)      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

        (e)      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

        (f)      Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

        (g)      The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and,

        (h)      Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

///

6. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R.

141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

7.     The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

8.     Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9. The Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

10. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Plaintiffs of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

**IT IS SO STIPULATED.**

///

///

Date: October 4, 2021         PORTER | SCOTT
                              A PROFESSIONAL CORPORATION

|   |   |   |
|---|---|---|
| 1 |   | By: /s/ John R. Whitefleet |
| 2 |   | John R. Whitefleet |
|   |   | Attorneys for Defendants |

Dated: October 4, 2021            CUTTER LAW, PC
                                  LIBERTY MAN LAW


                                  By/s/ John R. Parker, Jr.
                                      John R. Parker, Jr.
                                      Arash "Ash" Khosrowshahi
                                      Attorneys for Plaintiffs

**ORDER**

The parties' stipulation is modified to delete paragraph 14 because the parties cannot bind the court to act. As modified, the stipulation is approved and so ordered. ECF No. 50.

IT IS SO ORDERED.

Dated: __October 4, 2021__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE